WESTERN RESERVE MUTUAL CASUALTY COMPANY, Appellant,

v.

MACALUSO et al., Appellees.▮

[Cite as *W. Reserve Mut. Cas. Co. v. Macaluso* (1993), 91 Ohio App.3d 93.]

Court of Appeals of Ohio,
Summit County.

No. 16145.

Decided Oct. 6, 1993.

*John J. Lynett,* for appellant.

*Michael Ciccolini,* for appellees.

*Per Curiam.*

Appellant, Western Reserve Mutual Casualty Company, appeals from the trial court's order determining that it was required to defend appellee, Anthony Macaluso, in an action for injuries caused to a third party. We reverse.

On December 8, 1989, at approximately 5:00 p.m., Anthony Macaluso heard a car pull into his driveway. Unable to see who it was, he grabbed his loaded shotgun and stood near the back door. David Wolfe, who knew Macaluso, had come to retrieve some of his possessions and, thinking no one was home, unlocked the back door. When he realized the door was also padlocked, he kicked it, and the lock came open. Macaluso apparently yelled, "Who's there?", which Wolfe did not hear. As Wolfe started to enter the house, Macaluso fired the shotgun, striking Wolfe in the left arm.

Wolfe brought an action against Macaluso for injuries received from the gunshot. Macaluso was insured under a homeowner's policy with Western Reserve Mutual Casualty Company, and Western Reserve filed this declaratory judgment action to determine whether it was obligated to defend the lawsuit on Macaluso's behalf. After a hearing, the trial court determined that Western Reserve had a duty to defend Macaluso. Western Reserve appeals and raises two assignments of error:

"I. The trial court erred by granting judgment to appellee because a person who fires a shotgun at another at close range, 'intends' or 'expects' to cause injury.

"II. The trial court erred by granting judgment to appellee in reliance on *Physicians Ins. Co. of Ohio v. Swanson* (1991), 58 Ohio St.3d 189 [569 N.E.2d 906], which is clearly distinguishable from the facts of the case *sub judice.*"

It is appellant's position that the injury to Wolfe was either intentional or expected, and as such was excluded from coverage under Macaluso's homeowner's policy.

The relevant portion of Macaluso's policy provides:

"1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

"a. which is expected or intended by the insured[.]"

The Supreme Court of Ohio has interpreted such exclusions to require both that the act and the injury be intended or expected in order for the exclusion to apply. *Physicians Ins. Co. of Ohio v. Swanson* (1991), 58 Ohio St.3d 189, 193, 569 N.E.2d 906, 910. Thus, in *Swanson,* a teenager who, from seventy to one hundred feet away, shot at a sign located ten to fifteen feet from a group of

children was held not to have intended or expected to injure the children. Consequently, the injuries were not excluded from policy coverage.

In the case before us, the trial court found that Macaluso did not intend the injury to Wolfe and therefore, under *Swanson*, the injury was not excluded from the policy. Appellant contends, however, and we agree, that the evidence presented fails to support a finding that the injury was unintentional or unexpected.

In reviewing a trial court's judgment, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276.

According to Macaluso's testimony, earlier on the day of the shooting, he had padlocked his back door so that his ex-wife could not enter his home. He testified that when he heard the car in the driveway he grabbed a shotgun out of fear that it was his ex-wife's boyfriend, and stood approximately ten feet from the back door, on the door's right side, with his gun at his waist. When he heard the door being opened, he yelled, "Who's there?" As the door started to open, he pulled the trigger. Macaluso testified that he did not see anyone and fired the gun "to let the person know that [he] had a gun and that [he] was home."

Wolfe testified that upon arriving at Macaluso's home he went to the back door and unlocked it with his key. When he tried to open it he realized it was padlocked and kicked the door out of anger. The padlock came right open and Wolfe started to enter the house. He was partially in the house when he was shot in the left arm.

We fail to see how the above evidence supports a finding that Macaluso did not intend or expect to injure the individual entering his house. Macaluso was very familiar with firearms. He was a Vietnam veteran, completing two tours of duty, and was an excellent marksman who knocked down more targets than anyone else in his battalion. By his own testimony, he was a hunter who owned many guns and who reloaded his own shells. Standing approximately ten feet from the door, Macaluso pointed a loaded shotgun in the direction where Wolfe was entering and fired. At the very least Macaluso would have expected such an action to result in injury. Thus, the injury to Wolfe is excluded from policy coverage by means of the exclusion for expected or intended bodily injury and Western Reserve has no duty to defend in the action against Macaluso.

The judgment of the trial court is reversed.

*Judgment reversed.*

REECE and DICKINSON, JJ., concur.

QUILLIN, P.J., dissents.